UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR 00-34 L
:
JOSE ARTILES :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant Jose Artiles ("Defendant") is in violation of the terms of his supervised release and, if so, for a recommended disposition. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, hearings were conducted on January 20, 2006, and January 27, 2006. On January 27, Defendant, both personally and through counsel, waived a violation hearing and admitted that he had violated the terms and conditions of his supervised release. Based on that admission, I find that Defendant has violated supervised release. For the reasons stated herein, I recommend that Defendant be sentenced to a term of imprisonment of twelve (12) months and one (1) day to be following by a term of supervised release for three (3) years.

**Background**

On July 13, 2000, Defendant appeared before the Honorable Ronald R. Lagueux, (now Senior) United States District Judge, after having pled guilty to Counts 1-4 (distribution of heroin) and Count 5 (possession with intent to distribute heroin), both Class C felonies, and was sentenced to forty-eight months incarceration, to be followed by three years of supervised release, and ordered to pay a $500 special assessment. As a

special condition of supervised release, Defendant was ordered to participate in a substance abuse program as approved by the United States Probation Department. Supervised release commenced on September 9, 2003, with an expiration date of September 8, 2006.

On or about January 6, 2006, U.S. Probation Officer David S. Borrelli ("U.S.P.O. Borrelli") filed a Petition for Warrant for Offender under Supervision (the "Petition"). The Petition alleged that Defendant had violated various conditions of supervised release.

**The Violation**

The Supervised Release Violation Report (the "Report") filed on or about January 6, 2006, in connection with the Petition alleges that Defendant has violated the following conditions of supervision in the manner indicated:

**Standard Condition: While on supervised release, Defendant shall not commit another federal, state, or local crime.**

On July 26, 2005, Defendant possessed heroin and marijuana, drove recklessly, operated a motor vehicle without a license, and left the scene of two motor vehicle accidents as evidenced by his arrest for these offenses.

As to this violation, on July 26, 2005, Defendant was operating a motor vehicle believed to be transporting heroin to a designated location to sell to another individual. Agents from the Drug Enforcement Task Force and detectives from the Providence, Rhode Island, Police Department conducted surveillance on Defendant to investigate his alleged narcotics trafficking. Drug Enforcement Task Force Agent ("TFA") Mulcahey, using his siren and police lights, attempted to stop Defendant's vehicle to no avail. Defendant, in an attempt to avoid being stopped by police, struck TFA Mulcahey's automobile and fled the scene of the motor vehicle stop. Providence Police Detectives

Stravato and Dwyer's vehicle was also struck as they attempted to block Defendant's lane of travel, and a motor vehicle pursuit ensued. After a short chase, Defendant lost control of his vehicle and crashed. Detectives Stravato and Dwyer arrested Defendant and seized ten packets of heroin and a small amount of marijuana from Defendant's vehicle. Of significance, Defendant was operating the vehicle without a license. After being read his Miranda rights, Defendant advised Detective Stravato that he was on his way to "rob a guy who was meeting him to purchase heroin." On November 2, 2005, Defendant was arraigned in Providence Superior Court and released on $5000 surety bail. The charges were still pending as of January 27, 2006.

**Condition #2: Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**

Defendant failed to report his July 26, 2005, arrest by the Providence, Rhode Island, Police Department on his July 2005, monthly supervision report. Defendant submitted his July 2005, monthly supervision report on August 5, 2005, to the U.S. Probation Department. In Part E, "Compliance with Conditions of Supervision During the Past Month," Defendant answered "no" to the question "[w]ere you questioned by any law enforcement officers[.]" Also, he answered "no" to the question "[w]ere you arrested or named as a defendant in any criminal case[.]" The Probation Department learned of this arrest on December 19, 2005, via a routine criminal records check.

**Condition #11: Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

Defendant failed to report his July 26, 2005, arrest by the Providence, Rhode Island, Police Department to U.S.P.O. Borrelli. The Probation Department learned of this arrest on December 19,

2005, via a routine criminal records check.

**Standard Condition: While on supervision, Defendant shall not commit another federal, state, or local crime.**

On May 22, 2005, Defendant operated a motor vehicle without a license as evidenced by his May 27, 2005, conviction. As to this violation, on May 22, 2005, Defendant was stopped by a Rhode Island State Trooper for what appeared to be an expired inspection sticker. It was discovered that Defendant did not have a valid license, and he was arrested. On May 27, 2005, Defendant appeared in Sixth Division District Court and pled nolo contendere to driving a motor vehicle without a license and was fined $250.

**Condition #2: Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**

Defendant failed to report his May 22, 2005, arrest by the Rhode Island State Police on his May 2005, monthly supervision report. As to this violation, Defendant submitted his May 2005, monthly supervision report on June 6, 2005, to the Probation Department. In Part E, "Compliance with Conditions of Supervision During the Past Month," Defendant answered "n/a" to the question "[w]ere you questioned by any law enforcement officer[.]" Also, he answered "n/a" to the question "[w]ere any pending charges disposed of during the month[.]" Defendant was arrested on May 22, 2005, by the Rhode Island State Police and was convicted of operating a motor vehicle without a license on May 27, 2005.

**Condition #11: Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

Defendant failed to report his May 22, 2005, arrest by the Rhode Island State Police for operating a motor vehicle without a

license to U.S.P.O. Borrelli. The Probation Department learned of this arrest on December 19, 2005, via a routine criminal records check.

**Travel**

On January 10, 2006, Judge Lagueux ordered the issuance of a warrant for Defendant to appear to answer to the Petition. The warrant was executed, and Defendant appeared before this Magistrate Judge on January 20, 2006. Defendant was advised of the Petition and of the grounds for the alleged violation. Defense counsel, Scott Lutes, then requested a continuance so that he could have time to discuss the violation with Defendant and prepare for the violation hearing. The court granted this request, and the matter was continued to January 27, 2006. Defendant was released on home confinement with conditions pending the hearing.

On January 25, 2006, the Government filed a motion to amend the Report. The motion stated that there was a typographical error in the Report and that the grade of the violation based on the July 2005 controlled substance offense should be a Grade B violation, not Grade A. See Motion to Amend Supervised Release Violation Report ("Motion to Amend") (Document ("Doc.") #14).

At the January 27, 2006, hearing, the court addressed the Motion to Amend. Defense counsel had no objection to the granting of the motion. However, when the court referred to the motion as correcting a typographical error, Mr. Lutes indicated that he believed the problem was more than a mere typographical error. The Government acknowledged that this was so and made an oral motion to amend the Report to strike the words "with intent to deliver" on page one and wherever else they appeared therein. Mr. Lutes had no objection to the oral amendment, and the court granted it as well as the Motion to Amend.

Defendant then, both personally and through counsel, waived

a violation hearing and admitted to the violation. As to the first ground for violation, Defendant admitted that the Government could prove by a preponderance of the evidence the violation based on the July 26, 2005, charges. As to all the other grounds for violation, Defendant admitted to the facts as recited by the court from the Report. This admission satisfied the court that there was an adequate basis for finding that Defendant had violated the conditions of supervision. After receiving sentencing recommendations from both the Government and the defense and hearing from Defendant personally, the court stated that it would recommend the sentence expressed in this Report and Recommendation.

**Law**

**Statutory Provisions**

Section 3583(e)(2) of Title 18 of the United States Code ("U.S.C.") provides that if the court finds a defendant to be a violator of the conditions of supervised release, the court may extend the term of supervised release if less than the maximum authorized term was previously imposed and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Fed. R. Crim. P. relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision. In this case, the maximum term of supervised release is life. Thus, although a term of three years supervised release has already been imposed, it can be extended for up to life.

Pursuant to § 3583(e)(3) of Title 18 of the U.S.C., the court may, after considering certain statutory factors set forth in § 3553(a), revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that

resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Fed. R. Crim. P. applicable to revocation of supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. However, a defendant whose term is revoked under this paragraph may not be required to serve more than five years in prison if the offense that resulted in the term of supervised release was a class A felony, three years for a class B felony, two years for a class C or D felony, or one year for a class E felony or a misdemeanor. In this case, Defendant was on supervision for Class C felonies. Therefore, he may not be required to serve more than two years imprisonment upon revocation.

Section 3583(h) of Title 18 of the U.S.C. provides that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release (here life), less any term of imprisonment that was imposed upon revocation of supervised release. See id.

**Sentencing Guidelines**

Section 7B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") provides for three grades of violations. Section 7B1.1(a) of the U.S.S.G. states that a Grade A violation consists of (A) conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence,

(ii) is a controlled substance offense,[1] or (iii) involves possession of a firearm or destructive device; or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Conduct consisting of any other federal, state, or local offense punishable by a term of imprisonment exceeding one year constitutes a Grade B violation. Conduct constituting an offense punishable by a term of imprisonment of one year or less, or violation of any other condition of supervision, is classified as a Grade C violation. Section 7B1.1(b) provides that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade. In this case, Defendant has committed a Grade B violation by committing a new offense that is punishable by a term of imprisonment exceeding one year.

Pursuant to §7B1.3(a)(1) of the U.S.S.G., upon a finding of a Grade A or B violation, the court shall revoke supervision. Therefore, since Defendant committed a Grade B violation, the court must revoke supervision.

With reference to a defendant who has committed a Grade B or C violation, §7B1.3(c)(1) states that where the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e) for any portion of the minimum term. With reference to a defendant who

[1] A controlled substance offense is defined in §4B1.2(b) of the U.S.S.G. as an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance with intent to manufacture, import, export, distribute or dispense.

has committed a Grade B or C violation, §7B1.3(c)(2) states that where the minimum term of imprisonment determined under §7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. Neither provision applies to Defendant.

According to §7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under §7B1.4. In this case, there is no outstanding restitution, fine, community confinement, home detention, or intermittent confinement.

Section 7B1.3(g)(2) of the U.S.S.G. provides that where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. See id. (citing 18 U.S.C. § 3583(h)). In this case, however, the authorized statutory maximum term of supervised release is life. Thus, although a term of three years supervised release has already been imposed, it can be extended for up to life.

Pursuant to §7B1.4(a) of the U.S.S.G., the criminal history

category is the category applicable at the time the defendant originally was sentenced to a term of supervision. In this instance, Defendant had a criminal history category of IV at the time of sentencing. The Revocation Table contained in §7B1.4(a) of the U.S.S.G. provides that, for a defendant with a criminal history category of IV who commits a Grade B violation, an imprisonment range of twelve to eighteen months is warranted.[2]

Section 7B1.5(b) of the U.S.S.G. states that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered for time previously served on post-release supervision.

**Disposition**

**Recommendations By Government and Defense**

The Government recommended that the court impose a sentence of twelve (12) months and one (1) day imprisonment to be followed by a term of supervised release for three (3) years. Assistant United States Attorney ("A.U.S.A.") Kenneth Madden explained this recommendation by stating that it was within the guideline range, that Defendant had waived a violation hearing and admitted to the violation, that the amount of heroin and marijuana was not a significant amount, and that Defendant, who had been released pending the violation hearing, had appeared in court as required.

Defense counsel endorsed the Government's recommendation. Defendant then spoke on his own behalf, stating that he was "sorry for everything."

**Discussion**

The court finds that the sentence jointly recommended by the Government and the defense is appropriate. It is within the

---

[2] The Court of Appeals for the First Circuit has held that Chapter 7 policy statements (including §7B1.4) are advisory. See United States v. Ramirez-Rivera, 241 F.3d 37, 40 (1st Cir. 2001); United States v. O'Neil, 11 F.3d 292, 302 n.11 (1st Cir. 1993).

guideline range and takes into account that Defendant waived a violation hearing and admitted to the violation. Defendant has also kept faith with the court by appearing for the hearing as schedule and abiding by the conditions of his release pending the January 27, 2006, hearing.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a) and for the reasons expressed above, I recommend that Defendant be sentenced to a term of imprisonment of twelve (12) months and one (1) day to be followed by a term of supervised release for three (3) years.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
February 3, 2006