UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 00-34L |
| | : | |
| JOSE ARTILES | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on September 4, 2008, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violation. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing. Based upon the following analysis and the admission of Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of eleven (11) months of incarceration.**

**Background**

On August 21, 2008, the Probation Office petitioned the Court for the issuance of a Warrant for Defendant's arrest. On August 21, 2008, the District Court reviewed the request and ordered the issuance of a Warrant. Defendant appeared in Court on September 4, 2008 for a hearing at which time Defendant knowingly and voluntarily admitted to the following charge and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **While on supervision, the defendant shall not commit another federal, state, or local crime.**
>
> Defendant committed the offense of Felony Assault on April 11, 2007, as evidenced by the Judgment of Conviction and Commitment from Providence Superior Court, Providence, Rhode Island.

As the Defendant has admitted this charge, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release is life. Therefore, supervised release can be extended for life.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation. However, since Defendant has already served

twelve months and one day of imprisonment as a result of a previous revocation, the statutory maximum term of imprisonment remaining is eleven months and twenty-nine days.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is life. There has been a total of twelve months' imprisonment previously imposed for a violation of supervised release. The Court may impose up to a life term of supervised release.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade A violation. Therefore, the Court shall revoke supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. Neither of these provisions apply to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of

imprisonment. In this case, there is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant was originally sentenced. In this instance, Defendant had a criminal history category of IV at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade A violation and has a Criminal History Category of IV. Therefore, the applicable range of imprisonment for this violation is twenty-four to thirty months. However, by statute, the term of imprisonment is limited to eleven months and twenty-nine days (twenty-four months minus one year and one day).

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Both the Government and Defendant recommended a sentence of eleven months with no further supervision to follow.

Defendant's first term of supervision was unsuccessful. It commenced on September 9, 2003 with a scheduled expiration date of September 8, 2006. In early 2006, a Violation Petition was filed against Defendant which ultimately resulted in a violation sentence of one year and one day incarceration followed by additional supervised release for a three-year term.

Defendant was released, and his supervision recommenced on October 3, 2006. Unfortunately, Defendant's second term of supervised release was also unsuccessful. On April 11,

2007, Defendant committed the offense of felony assault as evidenced by his nolo plea in Superior Court on July 24, 2007. Defendant was sentenced to three years (eighteen months to serve and eighteen months suspended with probation). The incident involved Defendant fleeing police and striking a police officer with his vehicle causing the officer to suffer minor injuries (a left forearm contusion) and two days loss of work. Defendant was able to escape, and a warrant was issued.

To his credit, Defendant surrendered himself to authorities several days thereafter and plead nolo to the felony assault charge. Defendant also plead guilty to this violation and waived his right to a revocation hearing. Although the guideline range for this violation is twenty-four to thirty months, the Court is limited by statute to a <u>total</u> of twenty-four months' imprisonment on revocations. <u>See</u> 18 U.S.C. § 3583(e)(3). Defendant has already served in excess of twelve months of incarceration on his first violation and thus the maximum sentence for this violation is effectively eleven months. The Court finds that the maximum eleven-month sentence jointly recommended by the Government and the defense is appropriate and reasonable given the totality of the circumstances.

Although Defendant may be subject to further supervised release, the parties jointly recommended no further supervision. Defendant has already (albeit rather unsuccessfully) served a total of approximately three years on supervision. He also remains subject to a period of state probation on his felony assault conviction. The Court agrees that further federal supervision under these circumstances would not be a productive use of resources. In addition, Probation would be challenged in policing Defendant's future compliance. Since an eleven-month sentence would exhaust the statutory maximum for revocation sentences, Probation (and this Court) would not have

the "threat" of revocation available as an incentive to Defendant to remain compliant. For those reasons, this Court agrees with the parties that further supervision does not make sense in this case.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of eleven (11) months of incarceration.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. LR Cv 72; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 9, 2008